UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GARCIA, Plaintiff, v. DONALD TRUMP, Defendant. | Case No. 2:26-cv-3480-DC-JDP (PS) ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff Michael Garcia brings this action against President Trump. Plaintiff has filed an *in forma pauperis* application, ECF No. 2, which I will grant because it makes the requisite showing. However, because defendant is entitled to absolute immunity, I recommend that the complaint be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff brings a *Bivens* action against President Trump, asserting that the Trump has violated the "1st, 4th, 5th, 6th, 7th, 8th, 9th,13th, [and] 14th amendments." ECF No. 1 at 4. Elsewhere plaintiff summarily lists "ADA violations," "hate crimes," "war crimes," and "civil rights violations." *Id.* Plaintiff also alleges that "the assassination [sic] of President Kennedy in 1962 has led to a dictator being put in the White House." *Id.* By way of relief, plaintiff seeks $500,000,000 and for President Trump to be "impeach[ed], persecuted [sic], and imprisoned." *Id.* at 6.

The complaint fails to state a claim because President Trump is entitled to absolute immunity for official actions he has taken in office. *See Nixon v. Fitzgerald*, 457 U.S. 731, 733 (1982) (explaining that The President of the United States of America has absolute immunity from civil suits predicated on official acts taken as the President). Absolute immunity has been "granted to 'the President, judges, prosecutors, witnesses, and officials performing 'quasi-

judicial' functions, and legislators.'" *Fry v. Melaragno*, 939 F.2d 832, 836 (9th Cir. 1991) (citation omitted). Plaintiff's claims center on actions President Trump has taken in his official capacity.

Accordingly, the complaint should be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Lastly, I note that since June 2026, plaintiff has filed at least 20 actions in this District. *See Garcia v. Jackson City Police*, 2:26-cv-2174-DAD-AC (E.D. Cal. 2026); *Garcia v. Jackson City Hall*, 2:26-cv-2175-DAD-JDP (E.D. Cal. 2026); *Garcia v. WCAB Lodi*, 2:26-cv-2252-DC-CSK (E.D. Cal. 2026); *Garcia v. WCAB*, 2:26-cv-2253-TLN-SCR (E.D. Cal. 2026); *Garcia v. WCAB Sacramento*, 2:26-cv-2254-DC-CSK (E.D. Cal. 2026); *Garcia v. Smith*, 2:26-cv-2300-TLN-CKD (E.D. Cal. 2026); *Garcia v. Zenith Insurance*, 2:26-cv-2395-DC-CKD (E.D. Cal. 2026); *Garcia v. Crew*, 2:26-cv-2396-TLN-CSK (E.D. Cal. 2026); *Garcia v. Bonta*, 2:26-cv-2420-DJC-CSK (E.D. Cal. 2026); *Garcia v. Sacramento Police Department*, 2:26-cv-2422-DC-SCR (E.D. Cal. 2026); *Garcia v. 2024-2025 Amador County Grand Jury*, 2:26-cv-2423-DC-AC (E.D. Cal. 2026); *Garcia v. California State Congress*, 2:26-cv-2433-TLN-CKD (E.D. Cal. 2026); *Garcia v. California State Senate*, 2:26-cv-2434-DAD-SCR (E.D. Cal. 2026); *Garcia v. California State Legislature*, 2:26-cv-2435-DJC-AC (E.D. Cal. 2026); *Garcia v. California State Supreme Court*, 2:26-cv-2557-DAD-CKD (E.D. Cal. 2026); *Garcia v. California State Bar*, 2:26-cv-2558-DJC-AC (E.D. Cal. 2026); *Garcia v. Trump*, 2:26-cv-2254-DC-JDP (E.D. Cal. 2026); *Garica v. U.S. Senate*, 2:26-cv-3481-DC-SCR (E.D. Cal. 2026); *Garica v. House of Representatives*, 2:26-cv-3482-TLN-SCR (E.D. Cal. 2026).

Accordingly, it is ORDERED that plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

Further, it is RECOMMENDED that:

1. Plaintiff's complaint, ECF No. 1, be DISMISSED without leave to amend.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 9, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE